UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Autotek Inc. and Christopher Lull, | No. 2:16-cv-01093-KJM-CKD |
| Plaintiffs, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

Plaintiffs move for reconsideration of the court's July 20, 2020 order granting summary judgment to the Sacramento Municipal Utility District (SMUD). *See generally* Prior Order, ECF No. 90. The motion for reconsideration is fully briefed and the court submitted it without a hearing. *See* Opp'n, ECF No. 100; Reply, ECF No. 106; Minute Order, ECF No. 105.

Plaintiffs recently discovered a June 2019 amendment to a relevant SMUD rule. By their reading, the amendment shows the pre-amendment rule should be read differently than the court interpreted it in the prior order. *See* Mot. at 1–2, ECF No. 94-1.[1] The amendment expressly

---

[1] The amendment and the report and recommendation underlying its adoption are publicly available and are subject to no reasonable dispute. The request for judicial notice at ECF No. 94-2 is thus granted, and the court takes judicial notice of the report and recommendation. *See* Fed. R. Evid. 201(b) & (c)(2); *Tollis, Inc. v. Cty. of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007) ("Municipal ordinances are proper subjects for judicial notice."). The Chief Executive Officer and General Manager's Report and Recommendation on Rates and Services, SMUD (Mar. 21 2019) (Report and Recommendation) are available at https://www.smud.org/-

1

1   permits SMUD to shut off a customer's electricity without notice if requested by a local
2   government official.  *See id.* at 3–4 (citing Sacramento Mun. Util. Dist. Res. No. 19-06-13 (June
3   25, 2019)).  The previous version of the same section did not include the express authorization
4   language.  *See* Mot. at 3–4.  Plaintiffs thus argue the pre-amendment provision did not permit
5   SMUD to shut off power to plaintiffs' buildings without notice; if it did, the amendment would
6   have been unnecessary.  *See id.*  Plaintiffs also argue the amendment qualifies as "newly
7   discovered evidence" that can support a motion for reconsideration.  *Id.*

8       Plaintiffs moved to reconsider within 28 days of judgment.  *See* Judgment, ECF No. 91
9   (dated July 20, 2020); *cf.* Mot., ECF No. 94 (dated Aug. 17, 2020).  Their motion is properly
10  considered as a motion to alter or amend the judgment under Rule 59(e).  *See Am. Ironworks &*
11  *Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).[2]  "Under Rule 59(e),
12  a motion for reconsideration should not be granted, absent highly unusual circumstances, unless
13  the district court is presented with newly discovered evidence, committed clear error, or if there is
14  an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656,
15  665 (9th Cir. 1999) (citation omitted).  Such a motion "may *not* be used to raise arguments or
16  present evidence for the first time when they could reasonably have been raised earlier in the
17  litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th
18  Cir. 2009) (emphasis in original) (internal quotation omitted).

19      The amended rule plaintiffs rely on in their motion for reconsideration is not newly
20  discovered evidence nor did it effect an intervening change of law.  SMUD adopted the
21  amendment thirteen months before the court granted summary judgment.  The plaintiffs could
22  have raised arguments based on the amendment in opposing summary judgment; at least, they
23  have not explained why they could not have done so.
24  /////

---

/media/Documents/Rate-Information/2019-Rate-Action/GM-Report-Volume-1.ashx) (accessed Dec. 27, 2020).

    [2] *American Ironworks* refers to a ten-day deadline because that decision was issued before Rule 59(e) was amended to extend the deadline to twenty-eight days.  *See* 248 F.3d at 898–99; Fed. R. Civ. P. 59 advisory committee's notes to 2009 amendment.

1    In any event, SMUD would be entitled to summary judgment even if the court considered
2 the amendment to the rule.  SMUD's stated reason for effecting the amendment was to make its
3 established practice of deferring to county building officials perfectly clear, not to change its
4 notice requirements.  As SMUD explained, its previous rules "could be viewed as being limited in
5 assisting local building officials only if the customer's wiring or equipment is either unsafe or in
6 violation of the law" and it recommended the amendment to "enable[e] SMUD to work more
7 effectively with . . . county building officials."  *See* Report & Recommendation at 82–83.  The
8 testimony of SMUD's officials, which the court considered in issuing its previous order, is
9 consistent with the recommendation and amended rule.  In that testimony, officials explained
10 SMUD's practice of deferring to the dangerousness determinations of county officials.  *See* Prior
11 Order at 37–39.  In short, the amendment provided clarification, without making a change.  *Cf.*
12 *McCoy v. Chase Manhattan Bank, USA, Nat'l Ass'n*, 654 F.3d 971, 974 (9th Cir. 2011)
13 (amendment did not "alter the meaning of [a state law] but merely clarifie[d] the meaning of the
14 prior language, to the extent the former provision was ambiguous and leading to conflicting
15 results in the courts").

16    The motion for reconsideration is **denied**.
17    This order resolves ECF No. 94.
18    IT IS SO ORDERED.
19 DATED: December 30, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE